WILLIAM SPECHT, PROSECUTOR, v. ATLANTIC CITY AND SHORE RAILROAD COMPANY, DEFENDANTS.

Submitted December 1, 1910—Decided February 27, 1911.

In proceedings for condemnation of lands under the statutes relating to eminent domain, especially the act of 1900 (*Pamph. L., p.* 79), where it appears that the party seeking condemnation has power to agree on a price to be paid for such lands and the owner was accessible and competent to sell, and no *bona fide* effort to purchase the lands is made, the appointment of commissioners will be set aside on *certiorari.*

On *certiorari.*

Before Justices REED, PARKER and BERGEN.

For the prosecutor, *Ulysses G. Styron* and *Charles C. Babcock*.

For the defendants, *Thompson & Cole*.

The opinion of the court was delivered by

PARKER, J. The prosecutor challenges the validity of an order appointing commissioners under the Eminent Domain act of 1900 to determine the amount to be paid to prosecutor by defendants, for his interest in certain lands in Atlantic City required by defendants for an extension of their railroad. The special features of the case are that the lands in question lie in a public street through which the railroad company desires to operate its railroad longitudinally, pursuant to section 34 of the Railroad act of 1903, as amended in 1905, page 130, and are already occupied by the tracks of a street railway corporation called the Central Passenger Railway Company, which is actually operating thereon.

Prosecutor is an abutting owner on the street, and by virtue of such ownership presumably owns the fee of land in front of his property to the middle of the street, subject to the public easement of travel thereon. It is this ownership that is sought to be taken in this proceeding.

Several questions are argued by counsel which are of importance and would call for our decision if in our judgment the proceeding had been regularly set on foot; but as we find an underlying jurisdictional defect it is unnecessary to discuss them. That defect is that no attempt appears to have been made to agree with prosecutor upon a price to be paid for his interest in the premises required. There is some uncertainty as to what those premises are. All that the petition sets forth is that petitioner requires "for the purpose of a single track * * * the land upon which the said tracks are to be constructed within the bounds of the public highway on Virginia avenue abutting the property of said William Specht." We doubt the sufficiency of this description, if it can be called a description. However, no point is made on this score.

As to the attempt to agree on a price, all that appears is that agents for the defendant called on prosecutor and asked him to sign "a consent for the transfer of title from the Central Passenger Railroad Company to the Shore Railroad Company," and later called again and "read the consent over to him and said that a fee of one dollar would be given to him for signing the consent. That was all the company would offer, as it was not asking for any additional privileges along Virginia avenue."

Prosecutor denied specifically that any offer had been made to him for, or any effort made to purchase, his interest in the lands.

Manifestly, the transaction described in the testimony quoted above was no such offer or attempt to purchase. It shows on its face that the company was not trying to acquire anything but the right of operating, not as a railroad corporation, but as a street railway, and offering a nominal amount not for land to be taken but for a waiver of objection to their so operating in place of the Central company. This is not the attempt to agree on a price of property to be taken that is contemplated by the law, and, consequently, the order appointing commissioners and the subsequent proceedings based thereon will be set aside, with costs. *Chambers* v. *Carteret and Sewaren Railroad Co., 25 Vroom 85.*